## UNITED STATES v. RILEY.
### No. 6289.

Circuit Court of Appeals, Ninth Circuit.
March 16, 1931.

Geo. J. Hatfield, U. S. Atty., and Albert C. Wollenberg, Asst. U. S. Atty., both of San Francisco, Cal.

Frederic C. Benner and Alvin Gerlack, both of San Francisco, Cal., for appellee.

Before RUDKIN, WILBUR, and SAWTELLE, Circuit Judges.

RUDKIN, Circuit Judge.

This is an appeal from a judgment in favor of the plaintiff in an action on a policy of war risk insurance. William Riley enlisted in the military service of the United States March 29, 1919, and applied for and was granted the usual policy of war risk insurance in the sum of $5,000. He was discharged from the army May 20, 1922, and died March 16, 1929. The present action was brought on the policy by his widow in her own right and as administratrix of his estate. It was stipulated on the trial that the policy was in full force and effect on November 1, 1921, and the sufficiency of the testimony to support a finding of total and permanent disability on or prior to that date is the only question presented for our consideration.

The testimony on the part of the appellee tended to show that the deceased, from a date prior to November 1, 1921, and up to the time of his death, was considerably underweight; weak; pale and sickly in color; tired easily; coughed every day, raising much sputum streaked with blood; and had night sweats. The testimony further tends to show that from the time of his discharge to the time of his death, a period of seven years, Riley attempted to hold several jobs, but was actually employed not to exceed two months during that entire period, and was unable to work continuously. He was supported by his wife and by money borrowed from friends. A doctor who examined him in March, 1924, testified that he had tuberculosis of the lungs, active, fairly well advanced; that he was then totally disabled; and that there was a possibility, but not a probability, of his recovery. The death of Riley from tuberculosis some years later, without any apparent change in his condition in the meantime, would seem to demonstrate the correctness of this prognosis. Riley was again examined in May, 1926, by another doctor, whose finding and prognosis was practically the same. The foregoing testimony was sufficient to carry the case to the jury, conceding that there was other testimony which would warrant a different finding. In other words, the jury was warranted in finding that there was such impairment of body as rendered it impossible for Riley to follow continuously any substantially gainful occupation and that it was reasonably certain that the disability would continue throughout his life.

There was admitted in evidence a rating sheet from the Veterans' Bureau which set forth the disability rating of the insured for purposes of compensation. According to this rating sheet, the disability was less than 10 per cent. from the date of discharge until November 7, 1924; temporary, partial, 75 per cent. from November 7, 1924, to May 28, 1926; and permanent, total, from August 6, 1926, under Regulation 73. The government contends that this rating proves conclusively that the insured was not permanently and totally disabled at any time prior to August 6, 1926. It is questionable, at least, whether a disability rating for compensation is competent evidence for any purpose in an action on a war risk insurance

policy. United States v. Golden (C. C. A.) 34 F.(2d) 367; Runkle v. United States (C. C. A.) 42 F.(2d) 804. But, however this may be, the rating schedule is only evidence at best, and is not conclusive, because if it were there could never be a recovery on a war risk insurance policy provided the bureau had fixed a rating at less than total permanent disability at any time after the policy was permitted to lapse for nonpayment of premiums.

There is no error in the record, and the judgment is affirmed.